[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2009
THOMAS K. KAHN
CLERK

No. 08-13592
Non-Argument Calendar

_____

D. C. Docket No. 07-00381-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHANIE FIELDS,
a.k.a. Stephanie Renee' Fields,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 23, 2009)

Before DUBINA, FAY and ANDERSON, Circuit Judges.

PER CURIAM:

In 2007, Stephanie Fields was indicted on one count of stealing $5,195.00

from the United States, in violation of 18 U.S.C. § 641. Fields had been a "Section 8" tenant through the Greenville, Alabama, Housing Authority ("GHA"), which received funding from the U.S. Department of Housing and Urban Development. During an annual re-certification process, the GHA discovered that Fields had misreported her income and received rental assistance to which she was not entitled. Fields agreed to a repayment plan and made one payment, but did not pay the balance until shortly before learning of the indictment. Fields proceeded to trial, but the district court ruled that she could not present evidence of repayment or her statements to investigators about her willingness to repay. A jury found Fields guilty. Fields now appeals her conviction on the basis that the district court erred in excluding evidence of her repayment and related statements. She argues that such evidence was relevant to her lack of intent to defraud the government, and should have been admitted as long as its relevance was not outweighed by the potential for confusion. She also argues that the exclusion of the evidence prevented her from presenting a "viable defense."

We review a district court's evidentiary rulings, including rulings on the relevance of evidence, for abuse of discretion. United States v. Todd, 108 F.3d 1329, 1331-32 (11th Cir. 1997). However, a district court may not exclude "crucial relevant evidence necessary to establish a valid defense. When proffered

2

evidence is of substantial probative value, and will not tend to prejudice or confuse, all doubt should be resolved in favor of admissibility." Id. at 1332 (citation and quotations omitted). Under the abuse-of-discretion standard, we will affirm unless "the district court has made a clear error of judgment, or has applied the wrong legal standard." United States v. Drury, 396 F.3d 1303, 1315 (11th Cir. 2005) (quotation omitted).

"Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another . . . any record, voucher, money, or thing of value of the United States or of any department or agency thereof . . . Shall be fined . . . or imprisoned not more than ten years, or both . . . ." 18 U.S.C. § 641. To support a conviction under 18 U.S.C. § 641 for theft of government money, the government must prove that (1) the money described in the indictment belonged to the United States or an agency thereof, (2) the defendant stole or converted the property to her own use, and (3) the defendant did so knowingly with the intent to deprive the government of the money. See United States v. Moore, 504 F.3d 1345, 1347-48 (11th Cir. 2007) (noting that the defendants acknowledged spending money received from a government agency, but denied doing so knowingly with the intent to deprive the government because no one told them they were not entitled to the money). Section 641 requires the intent to deprive the owner of the use of the money "either

3

temporarily or permanently." United States v. McRee, 7 F.3d 976, 982 (11th Cir. 1993) (concerning a charge of conversion under § 641). A defendant's intention to repay stolen money, and "even actual repayment," is not a defense to a charge under § 641. United States v. Lanier, 920 F.2d 887, 895 (11th Cir. 1991) (concerning a charge of embezzlement under § 641). "Repayment in the face of litigation does not show a lack of fraudulent intent." See United States v. Suba, 132 F.3d 662, 677 (11th Cir. 1998) (addressing intent to commit mail fraud under 18 U.S.C. § 1341 by improperly using Medicare funds).

We have stated that, in cases involving possible check-kiting, evidence of repayment can be relevant because a defendant may try to establish that she did not know a check was bad at the time of writing it. United States v. Morales, 978 F.2d 650, 653-55 (11th Cir. 1992). In other cases, however, the necessary intent is established by knowingly participating in a fraudulent transaction, whether or not there was repayment or an intent to repay. Id. (discussing, inter alia, United States v. Scott, 701 F.2d 1340 (11th Cir. 1983)). In Scott, for example, repayment was irrelevant to the offense of intentionally providing false information to acquire loan accounts. Id. at 655. Likewise, in Morales, we held that the defendant's unlawful intent to obtain cash for bad checks could not be negated by an intent to repay. Id.

4

Under the Federal Rules of Evidence, "relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. "All relevant evidence is admissible, except as otherwise provided . . . . Evidence which is not relevant is not admissible." Fed.R.Evid. 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. ""Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay generally is not admissible. Fed.R.Evid. 802.

Because repayment was not relevant to Fields's intent to deprive the government of its funds under § 641, the district court did not abuse its discretion in disallowing evidence of repayment. To the extent that Fields argues that her statements to investigators regarding her willingness to repay were admissible, such argument fails because those statements were inadmissible hearsay. Accordingly, we affirm.

5

**AFFIRMED.**